| | |
|---|---|
| 1 | Seth L. Neulight, State Bar No. 184440 |
| | sneulight@nixonpeabody.com |
| 2 | NIXON PEABODY LLP |
| | One Embarcadero Center, Suite 1800 |
| 3 | San Francisco, CA 94111 |
| | Telephone: (415) 984-8200 |
| 4 | Facsimile: (415) 984-8300 |

Erin Holyoke, State Bar No. 288137
eholyoke@nixonpeabody.com
NIXON PEABODY LLP
300 South Grand Ave, Suite 4100
Los Angeles, CA 90071
Telephone: (213) 629-6000
Facsimile: (855) 803-1806

Attorneys for Defendant
FIDELITONE LAST MILE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS VENEGAS, on behalf of himself, all others similarly situated, and on behalf of the general public;<br><br>Plaintiffs,<br><br>vs.<br><br>FIDELITONE LAST MILE, INC., and DOES 1-100,<br><br>Defendants. | Case No. 3:20-cv-6637<br><br>**CLASS ACTION**<br><br>**DEFENDANT FIDELITONE LAST MILE, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(d) AND 28 U.S.C. § 1441(b)**<br><br>[Filed concurrently with Declaration of Sarah Bradley, Notice of Related Cases, Notice of Interested Parties, and Civil Cover Sheet] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF LUIS VENEGAS AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Fidelitone Last Mile, Inc. ("Defendant") files this Notice of Removal. The above-entitled case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and

is one that may be properly removed to this Court pursuant to 28 U.S.C. § 1441(b). In compliance with 28 U.S.C. § 1446(a), Defendant asserts the following grounds for removal:

1. On or about August 3, 2020, Plaintiff Luis Venegas ("Plaintiff") commenced the aforementioned action against Defendant by filing a Class Action Complaint in the Superior Court of the State of California, County of Contra Costa, entitled *Luis Venegas, on behalf of himself, all others similarly situated, and on behalf of the general public, v. Fidelitone Last Mile, Inc.,* Case No. C20-01469 (hereinafter the "State Court Action").

2. True and correct copies of Plaintiff's Summons and Complaint, along with the papers that accompanied the Complaint, are attached to this Notice as Exhibit A.

3. Defendant was served with the Summons and Complaint on August 25, 2020.

4. On September 21, 2020, Defendant filed in the State Court its Answer to the Complaint, as required by the California Code of Civil Procedure. A true and correct copy of the Answer is attached hereto as Exhibit B and is incorporated herein by this reference as if set forth in full.

5. Defendant has not filed, served or received any papers or pleadings in the State Court Action other than those attached hereto as Exhibits A and B.

6. This Notice is timely filed in that it is filed within 30 days of service of the Summons and Complaint on Defendant. *See* 28 U.S.C. § 1446(b); and Fed. R. Civ. Proc. 6.

7. Defendant will serve written notice of the filing of this Notice of Removal to Plaintiff, as required by 28 U.S.C. § 1446(d), and will file a Notice of Removal with the clerk of the Superior Court of the State of California in and for the County of Contra Costa, as further required by that statute.

**Removal Based on Diversity of Citizenship**

8. The Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), and it may be removed to this Court pursuant to 28 U.S.C. § 1441(b). Specifically, and as explained more fully below, this action involves citizens of different states. As also explained more fully below, the amount in controversy in this action exceeds the sum of $75,000.

9. "[F]ederal subject matter jurisdiction over a class action may be premised on either the conventional diversity rules (including utilization of supplemental jurisdiction) or on [the Class Action Fairness Act] (CAFA)." *See Biag v. King George – J&J Worlwide Servs. LLC*, 2020 U.S. Dist. LEXIS 129528, *22-23 (S.D. Cal. July 22, 2020) ("Because CAFA explicitly expands diversity jurisdiction rather than diminishes its scope, failure to meet CAFA requirements does not preclude the possibility of meeting traditional diversity jurisdiction requirements under § 1332(a)."). *See also* C. Wright & A. Miller, Fed. Pract. & Proc. Juris § 3728 (Rev. 4th ed. 2020) ("Insofar as CAFA creates original jurisdiction over cases that previously were beyond federal diversity subject-matter jurisdiction, CAFA enlarges the universe of cases that may be removed pursuant to 28 USC § 1441").

10. At the time this lawsuit was filed, Plaintiff Luis Venegas was, and still is, a citizen of the State of California. (Exh. A, Cmplt., ¶ 24.)

11. At the time this lawsuit was filed, Defendant was, and still is, incorporated in the State of Delaware and maintained its corporate headquarters and principal place of business in the State of Illinois. *See* Declaration of Sarah Bradley ("Bradley Decl."), ¶ 3, attached hereto as Exhibit C.

12. Pursuant to 28 U.S.C. § 1441(b), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980). Thus, the possible existence of unnamed Doe

1  Defendants, 1-100, as alleged in Plaintiff's Complaint, does not deprive this Court
2  of jurisdiction.
3      13.   In light of the foregoing, Plaintiff is a "citizen of a State different from"
4  Defendant under 28 U.S.C. § 1332(a); *Hertz Corp. v. Friend,* 130 S. Ct. 1181
5  (2010).

### Amount in Controversy

7      14.   Removal jurisdiction exists where original jurisdiction also would have
8  existed, and the removing defendant bears the burden of establishing jurisdiction.
9  28 U.S.C. § 1441(a); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If a
10 complaint on its face alleges that the amount in controversy exceeds the minimum
11 required to invoke diversity jurisdiction ($75,000), and all of the other requirements
12 for diversity jurisdiction are met, the action is removable. 28 U.S.C. § 1332. The
13 court may, for removal purposes, look to the removal papers for underlying facts
14 establishing the jurisdictional limit. *Gaus*, 980 F.2d at 566. A defendant seeking to
15 remove a case to a federal court must file a notice of removal containing only a short
16 and plain statement of the grounds for removal, consistent with the general pleading
17 requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and such
18 removal allegations must be construed liberally. *Dart Cherokee Basin Operating*
19 *Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A removing defendant need not
20 submit admissible evidence of the amount in controversy with its notice of removal;
21 rather, the defendant need only plausibly allege that the amount in controversy
22 exceeds $75,000. *Id.* at 554.
23     15.   A defendant in a diversity action can satisfy the amount in controversy
24 for removal purposes by establishing that there is a reasonable probability that at
25 least one named plaintiff has more than $75,000 in controversy. *Exxon Mobil Corp.*
26 *v. Allapattah Servs.*, 545 U.S. 546, 549 (2005); *Calderon v. BKB Construction, LP.*,
27 2017 WL 2618094, *2 (N.D. Cal 2017); *Aguilar v. Zep. Inc.,* 2013 WL 12173914
28 *fn 5 (N.D. Cal 2013).

16. The amount in controversy in this case exceeds $75,000, excluding interest and costs. In his Complaint, Plaintiff alleges that he was misclassified as an independent contractor for Defendant. (Exh. A, Cmplt., ¶¶ 3, 4.) Plaintiff asserts the he, and other purportedly similarly situated Delivery Drivers, were employees of Defendant, and on that theory, Plaintiff asserts the following violations of wage and hour provisions of the California Labor Code and/or Industrial Welfare Commission Wage Order: (1) failure to pay minimum wage; (2) failure to provide meal periods; (3) failure to provide rest breaks; (4) failure to provide accurate wage statements; and (5) waiting time penalties. (Exh. A, Cmplt., ¶¶ 53-113.) Plaintiff further alleges that the foregoing violations amount to a violation of the California Unfair Competition Law, Business and Professions Code sections 17200, *et seq*. (Exh. A, Cmplt., ¶¶ 114-122.) As alleged in the Complaint, Plaintiff seeks to recover from Defendant, for himself and other putative class members, unspecified amounts of unpaid wages and other monetary relief (inclusive of interest), compensatory damages, economic and special damages, disgorgement of profits of Defendant, various statutory penalties, and attorneys' fees and costs. (Exh. A, Cmplt., p. 26-27 "Prayer for Relief").

17. Defendant denies that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Defendant does not waive any defenses that otherwise may be available to it. Without waiving this position, and in light of the allegations of Plaintiff's Complaint, the amount in dispute as to Plaintiff's claims alone exceed $75,000 exclusive of interest and costs.

18. Between August 26, 2018 and August 24, 2019, Plaintiff provided driving and delivery services to his employer, Cernas' Trucking LLC, who in turn, contracted with Defendant to provide independent contractor driver and delivery services to Defendant. (Bradley Decl., ¶ 4.) Plaintiff, through his employer Cernas' Trucking LLC, provided services to Defendant by driving delivery truck routes approximately 1,199 times over the course of 117 days during the above-mentioned

time period. (Bradley Decl., ¶ 5.) Plaintiff provided services to Defendant pursuant to a contract between Defendant and Plaintiff's employer, Cernas' Trucking LLC. (Bradley Decl., ¶ 4.) During the period of time Plaintiff drove a delivery truck route as an employee of Cernas' Trucking LLC, between August 26, 2018 and August 24, 2019, Defendant paid Cernas' Trucking LLC approximately $921,798.68. (Bradley Decl., ¶ 5.)

19. The records maintained by Defendant in the ordinary course of business, demonstrate that the time Plaintiff spent driving delivery truck routes for his employer, Cernas' Trucking LLC, varied. (Bradley Decl., ¶ 6.) However, on the days Plaintiff provided delivery services to Defendant, Defendant estimates that Plaintiff spent an average of approximately six to eight hours per day doing so. *Id.*

20. As an exemplar, a review of records maintained by Defendant for the month of February 2019 shows that Plaintiff spent an average of approximately 6.9 hours on delivery routes, including time for preparation and return. (Bradley Decl., ¶ 7.) The records further show that during this same time period, Plaintiff typically started his delivery route each day between 8:00 a.m. and 10:00 a.m., and ended his route anywhere between 2:00 p.m. and 6:00 p.m. *Id.*

21. Plaintiff alleges in his Complaint that Defendant failed to provide him with rest periods as required by California law. If Plaintiff establishes that he was an employee of Defendant and prevails on this claim, he would be entitled to one hour of premium pay for each day he was not provided with a rest period. Plaintiff alleges that he was treated as an independent contractor and that Defendant had a consistent policy and/or practice of requiring employees to work without the required rest break and that Plaintiff was routinely and regularly forced to work through his rest break. (Exh. A, Cmplt. ¶¶ 14-15, 85-92). Based on the estimate that Plaintiff worked approximately 117 days, and based on a conservative estimate that Plaintiff was not provided a rest break by Defendant at least once each day, Plaintiff would be entitled to 117 hours of premium pay.

22. Plaintiff also alleges in his Complaint that he was not provided meal periods as required by California law. If Plaintiff establishes that he was employed by Defendant and prevails on this claim, Plaintiff would be entitled to one hour of premium pay for each day he was not provided a meal break. Plaintiff claims that he was treated as an independent contractor and that he regularly worked in excess of five hours without receiving a meal break and was not provided a second meal break before the end of the tenth hour. (Exh. A, Cmplt. ¶¶ 11-13; 66-78). Based on the estimate that Plaintiff worked approximately 117 days, and based on a conservative estimate that Plaintiff was not provided a meal break by Defendant one half of the total time she worked, Plaintiff would be entitled to approximately 59 hours of premium pay.

23. Plaintiff also claims in his Complaint that Defendant failed to pay him minimum wage including for time spent performing work before and after clocking in and out, time spent working through meal breaks and all other times performing tasks off the clock. (Exh. A, Cmplt. ¶¶ 56-59). Based on the estimate that Plaintiff worked approximately 117 days, and based solely on the allegation that he was not paid for his time spent working while clocked out for a thirty-minute meal break, Plaintiff would be entitled to liquidated damages equal to the amount of lost wages for that minimum thirty minutes of time that he was not paid but continued to work. During the period of time that Plaintiff performed services for Defendant, the average minimum wage rate under California law was $12 per hour.

24. Plaintiff also asserts in his Complaint a claim for "waiting time" penalties because he alleges that he did not receive all wages due and owing upon the separation of his purported employment. (Exh. A, Cmplt. ¶¶ 104-112). This penalty equals thirty (30) days of wages based on a full-time schedule. Cal. Lab. Code § 203(a).

25. If Plaintiff prevails on his claim in the Complaint that Defendant was obliged but failed to provide his with accurate wage statements (Exh. A, Cmplt. ¶¶

96-101), he would be entitled to a $4,000 penalty for that alleged violation. (Cal. Lab. Code § 226(c).)

26. Moreover, in determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (holding that punitive damages must be taken into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (holding that the "amount in controversy" includes claims for general and special damages); *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal, 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonably estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."). Here, Plaintiff seeks interest, cost of suit, and attorney fees. Plaintiff's claim for attorneys' fees and costs alone is likely to exceed $75,000 (e.g., California Labor Code Section 226 allows for an award of reasonable attorneys' fees).

27. When assessing attorneys' fees for the purpose of determining the amount in controversy, a court should consider "the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

28. Additionally, "[i]f the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties." *Simmons*, 209 F. Supp. 2d at 1031. In addition to the evidence regarding the present value of Plaintiff's claim for wage and hour violations, as described in paragraphs 19-29 above, the Court may consider "jury verdicts in similar cases," so long as

such cases are "factually identical or, at a minimum, analogous to the case at issue." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).

29. In *Cabardo, et al. v. Patacsil*, 2020 WL 3865034 (E.D. Cal. 2020), six plaintiffs alleged that they were misclassified as exempt employees and that the defendant failed to pay them minimum wage and overtime, failed to provide meal and rest breaks and failed to provide itemized wage statements. The jury found for the plaintiffs and specifically found that one plaintiff was entitled to $116,342 and another plaintiff was entitled to $261,087. The jury separately awarded PAGA penalties.

30. Punitive damages as sought by Plaintiff (to which Defendant asserts he is not entitled) certainly may meet or exceed the amount of damages Plaintiff could recover for wage and hour violations.

31. Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.

32. While Defendant has produced solid evidence in support of its Notice of Removal, it is noteworthy that in *Dart Cherokee Basin Operating, LLC v. Owens*, 135 S. Ct. 547 (2014), the Supreme Court held that a defendant's notice of removal of a case from state to federal court need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; it does not need to contain evidentiary submissions.

33. For the foregoing reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. § 1441(a), in that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

## **Venue**

34. Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 84(d) and 1441(a) because this Court's territorial jurisdiction includes Contra Costa County, California, where the State Court Action was filed and is pending.

35. For all of the foregoing reasons, Defendant respectfully submits that the State Court Action is removable to this Court under 28 U.S.C. §§ 1332(a) and 1441(b).

Dated: September 22, 2020                NIXON PEABODY LLP


By: ___/s/ *Erin Holyoke*_____
      Seth L. Neulight
      Erin Holyoke
      Attorneys for Defendant
      FIDELITONE LAST MILE, INC.